# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LALRALD TERALD SLOMAN, )
 )
    Plaintiff, )
v. ) CV418-124
 )
WILLIE TYLER, *et al.*, )
 )
    Defendants. )

FILED
Scott L. Poff, Clerk
United States District Court

*By jburrell at 12:09 pm, Sep 12, 2018*

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Lalrald Terald Sloman[1] alleges in his 42 U.S.C. § 1983 Complaint that he was subjected to excessive force by Chatham-Savannah Counter Narcotics Team (CNT) agents. Doc. 1 at 5-6. The Court granted Sloman's request to pursue his case *in forma pauperis* (IFP), doc. 4, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

---

[1] Plaintiff filed this Complaint while incarcerated at Macon State Prison. He has since been released on parole. *See* www.dcor.state.ga.us/GDC/Offender/Query, accessed September 4, 2018.

## I. BACKGROUND

Sloman alleges that on June 2, 2016, he was nabbed in a CNT "buy-bust" drug operation, when he was "taken down" after tripping in his attempt to flee. Doc. 1 at 5. Despite being "incapacitated," "neutralized," and "subdued," CNT Agent Willie Tyler signaled for the "K-9" to be deployed against him. *Id*. "Plaintiff was completely under control by defendants and posed no threat" when the canine attacked him. *Id*. Even after the attack, Slowman remained compliant and lay frozen while officers (including CNT Agents Tyler and John Nevin and Chatham Police Department K-9 handler Phillip Collard) watched the ongoing attack without intervening. *Id*. He was subsequently hospitalized for "abrasions, contusions, lacerations, and puncture wounds to the neck, upper arm, and back." *Id*. at 6. Video footage of the incident and photographs of Slowman's injuries have apparently already been procured by his public defender in the underlying criminal case, and Officer Nevin testified to the incident at plaintiff's probation revocation proceeding. *Id*. Plaintiff seeks half a million dollars in compensatory and punitive damages against the various defendants. *Id*. at 7.

## II. ANALYSIS

Liberally construed, Slowman's Complaint asserts an excessive force claim against CNT Agent Tyler for his actions during the arrest, as well as the various other agents who failed to stop the unjustified canine attack.

### A. Excessive Force

Slowman's claims against CNT Agent Tyler for excessive force, and against the other agents for failing to intervene in the canine attack, can proceed to service. To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer but instead examines whether a reasonable officer would have taken the same action under the circumstances. *Id.* at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (cites omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balanc[es] the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (citing *Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'"). Here, plaintiff alleges that Tyler unreasonably deployed the canine against him despite Slowman being both incapacitated and compliant at the time, *c.f. Crenshaw v. Lister*, 556 F.3d 1283, 1292-93 (11th Cir. 2009), and that the other agents failed to

4

intervene stop the attack.[2]  The attack resulted in significant physical injuries necessitating emergency care.  That is enough, at this stage, to warrant a response.

### B.  Improper Defendant

Slowman also names Chatham County as a defendant.  Doc. 1 at 5.  The County, however, cannot be held vicariously liable for the actions of its officers or employees, *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984), and plaintiff has made no allegation that a "custom, pattern, or practice" of the County resulted in the deprivation of his constitutional rights.  *Monnel v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  Chatham County, therefore, should be dismissed from the Complaint.

### III.  CONCLUSION

Accordingly, Slowman's claims against Chatham County should be **DISMISSED**.  Slowman's claims for excessive force against Agent Tyler, Officer Nevin, and K-9 Officer Collard, however, are approved for service, and the Clerk is **DIRECTED** to forward a copy of this Order, along with

---

[2]  "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985) (collecting cases).

5

Slowman's Complaint, to the Marshal for service upon these defendants so that they may respond to his excessive force claims.

Meanwhile, it is time for Slowman to pay his filing fee. His PLRA paperwork reflects $12.09 in average monthly deposits. Doc. 6. He therefore owes a $2.42 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $2.42 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Slowman's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next

institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>12th</u> day of

September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA